whether the taxpayer had transferred funds into the third party's account, *id.* at 1174, 1176–77. Similarly, in considering whether a taxpayer had a sufficient legal interest in the object of the summons, we considered whether there was an employment, agency, or ownership relationship between the taxpayer and third party, *id.* at 1176.

In light of this analysis, we concluded that Ip was entitled to notice. First, she was not the taxpayer. *See id.* at 1176. Second, the IRS's affidavit did not state that Ip had deposited the assessed taxpayer Diamond Trade's funds into her account, and therefore we could not properly conclude she was a fiduciary or transferee of the taxpayer. *Id.* Third, we held that "[b]ecause the account is in Ip's name and she is not an employee, officer, agent or stockholder in the entity against which the tax assessment has been made, the [IRS's] declaration does not prove the assessed taxpayer Diamond Trade had the legal ownership interest mandated by clause (i)." *Id.*

### III

 We apply the same analysis here. Our inquiry is straightforward as to Kwak. He is the assessed taxpayer, and therefore is disqualified from notice under § 7609(c)(2)(D)(i). *See id.* at 1172–73. Applying the test to Viewtech, we must consider whether for purposes of § 7609(c)(2), Viewtech could be deemed a fiduciary or transferee of Kwak or whether Kwak had a sufficient legal interest in the object of the summons, i.e., Viewtech's bank account.

Under the *Ip* standard, Kwak had a sufficient interest in the Viewtech account to disqualify Viewtech from receiving notice under § 7609(c)(2). As noted above, Kwak had a significant ownership interest in Viewtech. As a 100 percent and 97 percent shareholder of a Subchapter S cor-

poration, he was entitled to substantially all of Viewtech's income. Kwak was also a Viewtech employee and an officer of the corporation during some periods. This close legal relationship is sufficient to give Kwak the requisite interest in the Viewtech bank account such that Viewtech is disqualified from receiving notice under the clause (i) exception. Moreover, there was evidence that Kwak had transferred funds into the Viewtech account. The IRS presented evidence not only that Kwak directly deposited nearly $700,000 of his own funds into the Viewtech account, but also that Viewtech paid a portion of Kwak's federal income tax and transferred $180,000 into Kwak's personal account, thereby indicating that at least some of the funds in the Viewtech account were for Kwak's use. The evidence that Viewtech's account held Kwak's funds supports the conclusion that Viewtech was Kwak's fiduciary or transferee, and therefore Viewtech was also disqualified from receiving notice under the clause (ii) exception.

Because the summons in question was issued in aid of the collection of Kwak's previously assessed tax deficiency, and because both Kwak and Viewtech are covered by the exceptions to notice set forth in § 7609(c)(2)(D), neither was entitled to notice of the summons. Therefore, neither had standing to quash it.

**AFFIRMED.**

**John McCOMISH; Nancy McLain; Tony Bouie, Plaintiffs– Appellees,**

v.

**Ken BENNETT, in his official capacity as Secretary of State of the State of Arizona; Gary Scaramazzo; Royann J. Parker; Jeffrey L. Fairman; Louis**

Hoffman; Lori S. Daniels, in their official capacities as members of the Arizona Citizens Clean Elections Commission, Defendants–Appellants,

and

Clean Elections Institute, Inc., Defendant–Intervenor,

v.

Dean Martin; Robert Burns; Rick Murphy; Arizona Free Enterprise Club's Freedom Club PAC; Arizona Taxpayers Action Committee, agent of Taxpayers Action Committee, Plaintiff–Intervenors–Appellees.

John McComish; Nancy McLain; Tony Bouie, Plaintiffs–Appellees,

v.

Ken Bennett, in his official capacity as Secretary of State of the State of Arizona; Gary Scaramazzo; Royann J. Parker; Jeffrey L. Fairman; Louis Hoffman; Lori S. Daniels, in their official capacities as members of the Arizona Citizens Clean Elections Commission, Defendants,

and

Clean Elections Institute, Inc., Defendant–Intervenor– Appellant,

v.

Dean Martin; Robert Burns; Rick Murphy; Arizona Free Enterprise Club's Freedom Club PAC; Arizona Taxpayers Action Committee, agent of Taxpayers Action Committee, Plaintiffs–Intervenors–Appellees.

Nos. 10–15165, 10–15166.

United States Court of Appeals, Ninth Circuit.

Aug. 10, 2011.

Clint Bolick, Esquire, Nicholas Constantine Dranias, Esquire, Gustavo Enrique Schneider, Phoenix, AZ, for Plaintiffs–Appellees.

Michael Eugene Bindas, William Randolph Maurer, Jeanette Motee Petersen, Seattle, WA, Timothy D. Keller, Tempe, AZ, for Plaintiffs–Intervenors–Appellees.

Mary O'Grady, James Evans Barton, II, Assistant Attorney General, Timothy A. Nelson, Deputy Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Defendants–Appellants.

Elisabeth Jill Neubauer, Munger, Tolles & Olson LLP, Los Angeles, CA, Stephen M. Hoersting, Counsel, Alexandria, VA, for Defendant–Intervenor–Appellant.

Before: ANDREW J. KLEINFELD, A. WALLACE TASHIMA, and SIDNEY R. THOMAS, Circuit Judges.

## ORDER

In accordance with the mandate of the Supreme Court in *Arizona Free Enterprise Club's Freedom Club PAC v. Bennett,* —— U.S. ——, 131 S.Ct. 2806, 180 L.Ed.2d 664 (2011), the judgment of the district court is affirmed.